IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No.: 4:25-CR-000409 |
| | ) | |
| MICHAEL A. HUSEMAN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S MOTION FOR PRE-TRIAL DETENTION**

Comes now the United States of America, by and through its attorneys, Thomas C. Albus, United States Attorney for the Eastern District of Missouri, and Jillian S. Anderson, Assistant United States Attorney, and moves the Court to order Defendant detained pending trial pursuant to Title 18, United States Code, Section 3141, 3142(e) and (f)(2) *et seq*. Based on the charges in the Indictment and pursuant to Title 18, United States Code, Section 3142(e)(2) there is a rebuttable presumption that there are no conditions or combination of conditions that will reasonably assure the appearance of the Defendant and the safety of the community. As for its grounds, the Government states as follows:

The Defendant has been indicted with one count of receiving and distributing child pornography in violation of 18 U.S.C. §2252A(a)(2), This offense involves mandatory imprisonment of five (5) years to twenty (20) years. As summarized below, there is strong evidence of the Defendant's interest in the sexual abuse of minors which supports that he is a

danger to minors, the most vulnerable contingent of the community of the Eastern District of Missouri.

In a related case, cause no. 24SL-CR04493-01, presently pending in the Circuit Court for St. Louis County, Missouri, Defendant Huseman is charged with Statutory Sodomy First Degree of a Victim Under the Age of Twelve (12) Years and Child Molestation Second Degree of a Victim Under the Age of Twelve (12) Years. Defendant was charged by St. Louis County on or about July 12, 2024, and is charged with penetrating the anus of a ten-year-old boy with his penis and placing his tongue on the anus of that same ten (10) year old boy on multiple occasions over about a twenty (20) month period of time between the dates of July 12, 2022 and March 12, 2024.

The child's report of rape was investigated by the Manchester Police Department. At the time, the child victim came forward to report the abuse, he weighted no more than 64 pounds. The child victim did not seek help for the repeated acts of sexual abuse by the Defendant. Instead, the Defendant's crimes came to light when the mother of the victim happened upon pornography on the cellular telephone of the victim. Upon questioning, the child victim disclosed that the Defendant had provided him with pornography and further disclosed that the Defendant had raped him, reporting the Defendant performing fellatio on him, the Defendant licking his anus and the Defendant anally sodomizing the victim with his penis which the child described as a painful experience. The child victim stated that he did not want to do the sexual things with the Defendant, but that the Defendant wanted to. The child victim reported details regarding multiple instances when he was raped by the Defendant before telling interviewers that he did not feel like talking anymore and just wanted to leave. The Defendant told the child's family that the child

was lying. The Manchester Police Department became involved when contacted by a social worker with the Missouri Dept. of Social Services, Children's Division.

Upon filing of the charges, the Hon. Judge Krista Peyton of the 21st Judicial Circuit Court for the State of Missouri ordered bond to be set at two hundred thousand dollars ($200,000) cash and found that there were reasonable grounds to believe that the Defendant will not appear on summons and that he is a danger to the crime victim, the community or another person. On July 25, 2024, Judge Krista Payton, of the 21st Judicial Circuit, heard the Defendant's first motion for a bond reduction. Judge Peyton denied the motion and ordered that there would be no modification of the existing bond. The Defendant filed a subsequent motion for bond reduction and, on September 12, 2024, the Hon. Judge Brian May of the 21st Judicial Circuit Court, ordered a bond modification that allowed the Defendant to be released upon the posting of ten percent of his two hundred-thousand-dollar bond. The state prosecutor consented to this bond reduction noting that the family of the victim did not oppose the bond modification. The Defendant is the brother of the paramour of the victim's mother. The Defendant posted bond on his state case on or about September 16, 2024. At the time, the judges involved in the bond review hearings, the family of the victim, the state prosecutor and the Defendant's defense counsel were, upon information and belief, unaware that while the Defendant was raping a child no older than ten years of age, he was also amassing and gratifying himself with an enormous collection of child sexual abuse material via the internet.

Additionally with regard to internet activity, it is notable that on August 9, 2024, prior to posting bond, the Defendant made a recorded call from jail in which he instructed a friend and indirectly his boyfriend to get rid of social media messages. The Defendant specifically referenced Telegram, which is an end-to-end encrypted social media platform known for

criminal activity. Law enforcement also confirmed that the Defendant's Discord social media account, a platform frequented by minors, had been logged into from the residence of the Defendant's boyfriend while the Defendant was jailed. Though Discord verified that the Defendant's Discord account had been utilized over five thousand (5,000) times between January 1, 2023, and May 5, 2024, Discord was only able to locate three remaining messages on the account as all other messages appeared to have been deleted.

On the date of the Defendant's arrest in June of 2024, electronic items belonging to the Defendant were seized by law enforcement pursuant to a search warrant. On or about April 4, 2025, the forensic analysis of the Defendant's electronics was completed by the Regional Computer Crimes Education and Enforcement Group of Greater St. Louis (RCCEEG). Law enforcement located over twenty-two thousand (22,000) files of child pornography on the Defendant's electronic devices – two cellular telephone and two laptop computers. Additionally, law enforcement located over six thousand (6,000) files of anime depicting children being sexually abused, as well as over four hundred (400) files of computer-generated child sexual abuse material. At this time, RCCEEG recommended involving the Federal Bureau of Investigation and the U.S. Attorney's Office for the E.D. of Missouri in this case. The present federal charges against the Defendant involve his repeated victimization of a substantial number of individuals whose sexual abuse was involuntarily recorded and trafficked over the internet by individuals with pedophilic interest in the sexual abuse of prepubescent minors.

Based on the foregoing, the Government believes that there is clear and convincing evidence that the Defendant presents a danger to children in our community and children he can exploit via the internet. The Government further submits that the Defendant is a flight risk in

light of the mandatory incarceration upon conviction for his pending charges. Wherefore, the Government respectfully requests this Court order the Defendant be detained prior to trial.

Respectfully submitted,

THOMAS C. ALBUS
UNITED STATES ATTORNEY

*/s/ Jillian S. Anderson*
JILLIAN S. ANDERSON
Assistant United States Attorney
111 S. 10th Street, Room 20.333
St. Louis, Missouri 63102
(314) 539-2200
(314) 539-2309 FAX
jillian.anderson@usdoj.gov

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of this document was filed with the Court's electronic file management system for service upon all parties and counsel of record on August 22, 2025.

*s/ Jillian S. Anderson*
JILLIAN S. ANDERSON, #53918(MO)
Assistant United States Attorney
jillian.anderson@usdoj.gov