UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MICHAEL A. HUSEMAN,<br><br>Defendant. | ) | No. 4:25-CR-00409-SRC |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1. PARTIES:**

The parties are the defendant, Michael A. Huseman, represented by defense, counsel William Goldstein, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

**2. GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Count I (violating 18 U.S.C. §2252A(a)(2)) of the Indictment, the Government agrees that no further federal prosecution will be brought in this District relative to the Defendant's receipt of child pornography and his receipt or possession of obscenity on or between August 15, 2018, and June 13, 2024, that is known to the Government at this time. The parties agree and understand that the Defendant's plea of guilty to the

Indictment and this Guilty Plea Agreement does ~~not~~ foreclose further federal prosecution for criminal acts involving the alleged victimization of a juvenile minor whose initials are P.M., born in 2012, and known to the Defendant.

The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. At the time of sentencing, the Government agrees to recommend a sentence of no more than two hundred and sixteen (216) months imprisonment to be followed by lifetime supervised release and all applicable assessments and restitution. The parties further agree that the Defendant may request any available sentence. The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document or the sentencing recommendations of the parties.

The Defendant knowingly and voluntarily waives any right, title, and interest in all items seized by law enforcement officials during the course of their investigations, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: two HP laptop computers, an Apple iPhone cellular telephone, a black smartphone, and a folding Samsung cellular telephone. The Defendant agrees that said items may be disposed of by law enforcement officials in any manner.

**3. ELEMENTS:**

As to County I, the Defendant admits to knowingly violating Title 18, United States Code, Section 2252A(a)(2), and admits there is a factual basis for the plea and further fully understands that the elements of the crime of receipt of child pornography which he admits to knowingly committing and for which he admits there is a factual basis are: (1) Defendant knowingly received (2) using any means or facility of interstate or foreign commerce, including

by computer, (3) images of child pornography, (4) which were visual depictions where the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct and such visual depictions were of a minor engaging in sexually explicit conduct.

**4. FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

In a related case, cause no. 24SL-CR04493-01, presently pending in the Circuit Court for St. Louis County, Missouri, Defendant Huseman is charged with Statutory Sodomy First Degree of a Victim Under the Age of Twelve (12) Years and Child Molestation Second Degree of a Victim Under the Age of Twelve (12) Years. Defendant was charged by St. Louis County on or about July 12, 2024, and is charged with penetrating the anus of a ten-year-old boy with his penis and placing his tongue on the anus of that same ten (10) year old boy on multiple occasions over about a twenty (20) month period of time between June, 2023 and March, 2024.

The child's report of rape was investigated by the Manchester Police Department. Upon questioning on May 23, 2023, the child disclosed that the Defendant had provided him with pornography and further disclosed that the Defendant had sexually abused him, reporting the Defendant performing fellatio on him, the Defendant licking his anus and the Defendant anally sodomizing the victim with his penis which the child described as a painful experience. The child victim stated that he did not want to do any sexual acts with the Defendant, but that the Defendant wanted to. The child victim reported details regarding multiple instances when he was raped by the Defendant. The Defendant told the child's family that the child was lying. The Defendant does not admit any crimes against this child, the alleged victim in cause no. 24SL-

CR04493-01. The Government contends that evidence supports the Defendant's commission of such crimes against this child which the Government submits are relevant to the sentencing of the Defendant in this case.

On June 11, 2024, pursuant to a lawfully executed search warrant, electronic items belonging to the Defendant were seized by law enforcement. In April, 2025, the forensic analysis of the Defendant's electronics was completed by the Regional Computer Crimes Education and Enforcement Group of Greater St. Louis (RCCEEG). Law enforcement located over twenty-two thousand (22,000) files of child pornography on the Defendant's electronic devices – two cellular telephone and two laptop computers. Additionally, law enforcement located over six thousand (6,000) files of anime depicting children being sexually abused, as well as over four hundred (400) files of Artificial Intelligence (AI)-generated child sexual abuse material. The child pornography received and possessed by the Defendant included recordings of prepubescent minors under the age of twelve (12) years subjected to the penetration of their genitals by adult males. The anime and AI received and possessed by the Defendant included depictions of prepubescent minors subjected to sexually explicit conduct including fellatio and anal sodomy by adult males, by animals, by humans dressed as animals and by human-animal hybrid figures, including a substantial volume of such depictions that involved canines or humans dressed as canines subjecting minor children to sexual abuse. In a text message sent by the Defendant to another, the Defendant writes "This is my new fursona. I am [first name of juvenile victim in cause no. 24SL-CR04493-01] now. Muwahaha." Also located was a cartoon image avatar of brown canine-human hybrid with the name of the juvenile victim in cause no. 24SL-CR04493-01 under the avatar.

The child pornography received and possessed by the Defendant included about 201 files of child pornography that depict victims who have been identified by law enforcement who were, at the time of their abuse, residents of various states of the United States including Washington, Texas, New Jersey, Florida, New York, California, Alabama, Arizona, Rhode Island, Georgia, Virginia, Ohio, Tennessee, Missouri, Idaho, Utah, Nevada and Maryland, as well as children who were victimized in foreign countries including Switzerland, France, Germany, Australia, Brazil, Russia, Denmark, Russia, the Philippines, Ukraine, Uzbekistan, Hungary and Canada.

On August 9, 2024, after his arrest in cause no. 24SL-CR04493-01, the Defendant made a recorded call from jail in which he instructed a friend to tell the Defendant's boyfriend to get rid of social media messages. The Defendant specifically referenced a Telegram communication thread, which is an end-to-end encrypted social media platform known for criminal activity. The Defendant told his friend to tell the Defendant's boyfriend to "Get rid of the whole thing when he gets home, he can do that from my thing." The Defendant continued by saying, "He knows how to get into it and everything but just tell him to go ahead and take it away." Law enforcement also confirmed that the Defendant's Discord social media account, a social media platform frequented by minors, had been logged into from the residence of the Defendant's boyfriend while the Defendant was jailed. Though Discord verified that the Defendant's Discord account had been utilized over five thousand (5,000) times between January 1, 2023, and May 5, 2024, Discord was only able to locate three remaining messages on the account as all other messages appeared to have been deleted.

The electronics that the defendant used to produce, receive, possess and access the child pornography depicting the juvenile victims were manufactured outside of the state of Missouri

and travelled in interstate and/or foreign commerce prior to the Defendant's possession and use of them. The Defendant used the internet to receive and possess child pornography. The internet is a means and facility of interstate commerce.

**5. STATUTORY PENALTIES:**

As to Count I, the Defendant fully understands that the maximum possible penalty provided by law for the crime of receiving child pornography to which he is pleading guilty is imprisonment of not less than five years and not more than twenty years, and a fine of not more than $250,000. The Court may also impose a period of supervised release of not more than life and not less than five years. Additionally, assessments, restitution and other costs as set forth more fully below may be ordered in addition to such imprisonment, fine and supervised release.

Additionally, per 18 U.S.C. § 2259A, Defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other criminal penalty, restitution or assessment authorized by law, the Court may impose an assessment of not more than thirty-five thousand dollars ($35,000.00).

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, the Court is required to impose an assessment of $5,000 per case on any non-indigent defendant convicted of an offense under Chapters 110 (relating to sexual exploitation and other abuse of children including violations of 18 U.S.C. §§2252A).

Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the Defendant agrees to pay at the time of sentencing. Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**6. U. S. SENTENCING GUIDELINES: 2025 MANUAL:**

The Defendant understands that this offense is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following U.S. Sentencing Guidelines Total Offense Level provisions apply.

**A. Chapter 2 Offense Conduct:**

**1. Chapter 2 Offense Conduct, Count I, Receiving Child Pornography**

**(a)** **Base Offense Level:** The parties agree that the base offense level is 22, as found in Section 2G2.2(a)(2).

**(b)** **Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(i) two (2) levels should be deducted because the Defendant's conduct was limited to the receipt or solicitation of material involving the sexual exploitation of a minor and the Defendant did not intend to traffic in or distribute such material.

(ii) two (2) levels should be added because the material involved a prepubescent minor or a minor who had not attained the age of twelve (12) years per Section 2G2.2(b)(2),

(iii) four (4) levels should be added because the offense involved materials that portray sadistic or masochistic conduct or other depictions of violence or sexual abuse or exploitation of an infant or toddler per Section 2G2.2(b)(4),

(iv) the ~~Government maintains and the Defendant reserves the right to dispute~~ parties agree that five (5) levels should be added pursuant to section 2G2.2(b)(5) because there is sufficient evidence the Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor,

(v) two (2) levels should be added because the offense involved the use of a computer or an interactive computer service for the possession, transmission, receipt, or distribution of the material, or for accessing with the intent to view the material per 2G2.2(b)(6), and

(vi) five (5) levels should be added because the offense involved "600 or more images" of child pornography per 2G2.2(b)(7)(D).

**B. Chapter 3 Adjustments:** The parties recommend the following adjustments:

**1. Acceptance of Responsibility:** The parties agree that three (3) levels should be deducted pursuant to Section 3E1.1(a) and (b), because the Defendant has clearly demonstrated acceptance of responsibility and timely notified the government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the Defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

**2. Obstruction of Justice:** The parties agree that two (2) levels should be added pursuant to Section 3C1.1, because the Defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and the obstructive conduct related to the defendant's offense of conviction and any relevant conduct; or a closely related offense.

**C. Estimated Total Offense Level:** The parties estimates that the Total Offense Level is thirty-seven (37) pursuant to Chapter 5, Part A, Application Note 2.

**D. Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category. The Defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**E. Effect of Parties' U.S. Sentencing Guidelines Analysis:**

The parties agree that the Court is not bound by the Guidelines analysis set forth herein. The parties further agree that they may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the Guideline analysis set forth herein and the parties shall not be permitted to withdraw from the plea agreement. The Government recognizes it is bound by any specific agreements made herein but reserves the right to answer any questions the U.S. Probation Office or the Court might have related to sentencing or present evidence at the Court's request.

**7. WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a. Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1) Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea. The parties waive all rights to appeal the constitutionality of the statute to which the defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute.

**(2) Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. The Defendant, as part of this agreement, waives all such rights to appeal all sentencing issues other than Criminal History, as set forth above, even if the Court rules against the Defendant on any objections the Defendant makes to the application of any Specific Offense Characteristics under Section 2G2.2 such as 2G2.2(b)(5) or other Specific Offense Characteristics. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea and sentences the defendant to a sentence of two hundred and sixteen (216) months imprisonment or more.

**b. Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c. Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8. OTHER:**

**a. Disclosures Required by the United States Probation Office:**

The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b. Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**

Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c. Supervised Release:**

Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling, and that defendant not maintain a post office box. In addition, as a condition of supervised release, the defendant shall initially register with the state sex offender registration in Missouri and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the

length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

**d. Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100 which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, the Court is required to impose an assessment of $5,000 per case on any non-indigent defendant convicted of an offense under Chapters 110 (relating to sexual exploitation and other abuse of children including violations of 18 U.S.C. §§2252A).

Additionally, per 18 U.S.C. § 2259A, defendant fully understands that for offenses committed on or after December 7, 2018, in addition to other criminal penalty, restitution or assessment authorized by law, the Court may impose an assessment of not more than thirty-five thousand dollars ($35,000.00) as to Count I.

**e. Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**f. Fines, Restitution and Costs of Incarceration and Supervision:**

The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663A and 2259, an order of restitution is mandatory for all crimes listed in

Sections 3663A(c) and 2259. The amount of mandatory restitution imposed shall include all amounts allowed by Sections 3663A(b) and 2259 and the amount of loss agreed to by the parties, including all relevant conduct loss. This Defendant agrees to the Court's imposition of restitution orders on behalf of the victims whose abuse is depicted in the child pornography received and possessed by the Defendant upon request of the victims, including but not limited to restitution as requested by the victims of the "8 Kids" series and the "Surfer Hair" series.

**g. Forfeiture:**

The defendant knowingly and voluntarily waives any right, title, and interest in all contraband items and materials seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States. The items seized that will be returned include, but are not limited to, the items described in Section 2 of this Guilty Plea Agreement. The defendant agrees that forfeited items may be disposed of by law enforcement officials in any manner. The defendant consents that the Court may enter a consent preliminary order of forfeiture any time before sentencing, and such Order will become final as to the defendant when it is issued and will be part of the sentence. The defendant agrees not to object to any administrative, civil, or criminal forfeiture brought against any assets subject to forfeiture. The defendant will execute any documents and take all steps needed to transfer title or ownership of said assets to the Government and/or to rebut the claims of nominees and/or alleged third party owners. The defendant knowingly and intelligently waives all constitutional, statutory, and equitable challenges to any forfeiture carried out in accordance with this plea agreement, including but not limited to that defendant was not given adequate notice of forfeiture in the charging instrument.

## 9. ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:

In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information.

Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

**10. VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or

indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

**11. CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

## 12. NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring or as set forth in Paragraph 2 above.

6-1-26
Date

JILLIAN S. ANDERSON
Assistant United States Attorney

6-1-26
Date

MICHAEL A. HUSEMAN
Defendant

6/1/26
Date

WILLIAM GOLDSTEIN
Attorney for the Defendant